USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/20/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------x

CARLOS COLON,                           :

                    Petitioner,         :

                                        :    07 Civ. 2172 (BSJ)

          v.                            :

                                        :    **Opinion and Order**

UNITED STATES OF AMERICA,               :

                                        :

                    Respondent.         :

----------------------------------------x

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

          On February 13, 2007, Carlos Colon ("Colon") submitted a

Petition for a writ of habeas corpus pursuant to 28 U.S.C. §

2255 seeking to vacate, set aside, or correct his sentence of

121 months imprisonment followed by five years of supervised

release.  For the reasons stated below, Colon's Petition is

DENIED in its entirety.

                            **BACKGROUND**

          In May 2004, Colon was arrested and charged with conspiring

to sell heroin as part of an organization that operated in the

vicinity of Vyse Avenue and East 180th Street (the "Vyse Avenue

organization").  Specifically, superseding indictment S1 04 Cr.

283 (the "Indictment") charged Colon and fourteen co-defendants

with "unlawfully, intentionally, and knowingly . . .

distribut[ing] and possess[ing] with intent to distribute . . .

one kilogram and more of mixtures and substances containing a

detectable amount of heroin, in violation of Section 812,

                                1

841(a)(1), and 841(b)(1)(A) of Title 21, United States Code."
(Indictment ¶ 2.)   The Indictment further charged Colon with the
overt act of selling "70 glassines of heroin stamped 'Absolute
Power' to an undercover officer . . . in the vicinity of Vyse
Avenue in the Bronx."   (Id. ¶ 4(a).)

On August 25, 2005, Colon pled guilty pursuant to a written
plea agreement (the "Plea Agreement") before Magistrate Judge
Ronald L. Ellis of conspiring to distribute one kilogram and
more of heroin in violation of 21 U.S.C. § 846.[1]   In the Plea
Agreement, the parties stipulated to a Criminal History Category
of IV and a Guidelines offense level of 29.   (See Plea Agmt. 1-
2).   Based on these calculations, Colon and the Government
stipulated to a Guidelines sentencing range of 121 to 151 months
imprisonment.   (Id. 3.)   Colon further agreed that he would not
"file a direct appeal, nor litigate under Title 28, United
States Code, Section 2255 and/or Section 2241, any sentence
within or below the Stipulated Guidelines Sentencing Range of
121 to 151 months."   (Id. 4; see also Aug. 25, 2005 Tr. ("Plea
Tr.") at 11.)   Colon was represented by appointed counsel Steven
K. Frankel, Esq. ("Frankel") throughout these proceedings.

On February 9, 2006, this Court sentenced Colon to 121
months imprisonment to be followed by five years of supervised

---

[1]   On September 27, 2005, this Court accepted Judge Ellis's Report and
Recommendation and directed the Clerk of the Court to enter a plea of
guilty.

release, plus a mandatory special assessment of \$100.   This
sentence fell at the very bottom of the stipulated Guidelines
range of 121 to 151 months imprisonment.   Judgment was entered
on February 17, 2006, and Colon did not file a Notice of Appeal.
(See Fed. R. App. P. 4(b)(1)(A) (2005 Amendment) ("In a criminal
case, a defendant's notice of appeal must be filed in the
district court within 10 days after . . . the entry of . . . the
judgment.").

On Februrary 13, 2007, Colon filed the instant Petition
with this Court.   The Court is also in receipt of an Opposition
brief filed by Respondent United States of America
("Respondent") on July 6, 2007.

## DISCUSSION

### I.   Colon's § 2255 Waiver is Valid and Enforceable

The Second Circuit has held that knowing and voluntary
waivers of the right to challenge a sentence under Section 2255
are valid and enforceable.   See United States v. Salcido-
Contreras, 990 F.2d 51, 53 (2d Cir. 1993) ("In no circumstance .
. . may a defendant, who has secured the benefits of a plea
agreement and knowingly and voluntarily waived the right to
appeal a certain sentence, then appeal the merits of a sentence
conforming to the agreement.   Such a remedy would render the
plea bargaining process and the resulting agreement
meaningless."); see also Gumbs v. United States, 8 F. Supp. 2d

3

882, 883 (S.D.N.Y. 1998) (holding that a Section 2255 "waiver is enforceable and constitutes a separate ground for dismissal of the Petition" when imposed sentence fell within the stipulated Guidelines range).

In the instant case, Colon explicitly agreed that he would not "file a direct appeal, nor litigate under Title 28, United States Code, Section 2255 and/or Section 2241, any sentence within or below the Stipulated Guidelines Sentencing Range of 121 to 151 months." (Plea Agt at 4). However, this "waiver of appellate or collateral attack rights does not foreclose an attack on the validity of the process by which the waiver has been produced, here, the plea agreement." Frederick v. Warden, Lewisburg Corr. Facility, 308 F.3d 192, 195 (2d Cir. 2002) (internal citations omitted). Accordingly, the district court does not automatically enforce § 2255 waivers in the face of ineffectiveness of counsel, as such claims may call into question the very legitimacy of the § 2255 waivers. United States v. Concepcion, No. 09 Civ. 4537, 2009 WL 4884095, at *2 (S.D.N.Y. Dec. 16, 1009) (internal quotations omitted).

Regardless, Colon's motion is denied because he waived his right to appeal or otherwise challenge his sentence, and the record establishes that his waiver was knowing, voluntary, and intelligent. First, Judge Ellis conducted a thorough allocution and specifically asked Colon whether he understood that he was

giving up his right to appeal or in any other way litigate his sentence if it fell within the range stipulated by the Plea Agreement, and Colon responded affirmatively. (Plea Tr. at 11). Second, Colon confirmed that (1) he discussed the Plea Agreement with his attorney, (2) that he fully understood the Plea Agreement, and (3) he had not been induced or forced in any way to enter into the Plea Agreement. (Id. at 5-9). Third, Judge Ellis confirmed that Colon actually committed the offense with which he was charged. (Id. at 10.) Finally, as further discussed below, Colon's counsel was not ineffective, and Colon's claims therefore fail on the merits.

Consequently, the Plea Agreement is valid. Because I sentenced Colon to 121 months, within the stipulated range of 121-151 months, he has waived his right to challenge his sentence and is precluded from making this motion.

## II.   Colon's Claims Fail on the Merits

In support of his Petition to Vacate, Set Aside, or Correct his sentence, Colon claims (1) that he received constitutionally ineffective assistance of counsel and (2) that he is actually innocent of the charges alleged in Count 1 of the Indictment. The Court considers each of these arguments in turn.

## A.   Colon's Counsel Provided Constitutionally Effective

## Assistance

A claim of ineffective assistance of counsel under the Sixth Amendment must satisfy the two-pronged test articulated in Strickland v. Washington, 466 U.S. 668 (1984). Accordingly, a movant must show (1) that counsel's performance fell below an objectively reasonable standard of performance and (2) that the deficient performance prejudiced the outcome of the proceeding. See United States v. Aguirre, 912 F.2d 555, 560 (2d Cir. 1990). Regarding the first prong, the Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Bell v. Miller, 500 F.3d 149, 156 (2d Cir. 2007). The Court must also bear in mind that "there are countless ways to provide effective assistance in any given case." Aguirre, 912 F.2d at 560 (citing Strickland, 466 U.S. at 689). With respect to the second prong, prejudice is shown if, but for the deficient performance, there was a "reasonable probability" that the outcome of the proceeding would have been different. A reasonable probability is a probability "sufficient to undermine confidence in the outcome." See Mayo v. Henderson, 13 F.3d 528, 534 (2d Cir. 1994) (quoting Strickland, 466 U.S. at 694). A court need not address both prongs if a movant fails to make a

sufficient showing on one. See Ordenes v. United States, No. 05 Civ. 8968, 2007 WL 1766772, at \*10 (S.D.N.Y. June 9, 2007).

In the instant case, Colon alleges that Frankel was constitutionally ineffective insofar as he (1) led Colon to believe that he had no choice but to plead guilty, (2) refused to file a direct appeal, and (3) failed to object to improperly calculated Guidelines ranges in the Pre-Sentence Report ("PSR"). The Court finds each of these claims to be without merit.

1.  Colon's Guilty Plea Was Knowing and Voluntary

As noted above, the Second Circuit has repeatedly held that a defendant's waiver of his right to challenge a sentence is typically valid and enforceable. See United States v. Fisher, 232 F. 3d 301, 303 (2d Cir. 2000); United States v. Gomez-Perez, 215 F. 3d 315, 318 (2d Cir. 2000); United States v. Difeaux, 163 F.3d 725, 728 (2d Cir. 1998). Appellate waivers are not absolute in scope, however, and exceptions do exist. See Gomez-Perez, 215 F.3d at 319 (finding that "the waiver of appellate rights is unenforceable . . . when the waiver was not made knowingly, voluntarily, and competently").

In the instant case, Colon contends that his counsel led him to believe that "he had 'NO CHOICE' but to enter a plea agreement." (Petition at 8). However, Colon offers no evidence to give weight to this assertion, and his allegation is belied

7

both by his own sworn statements at the time of the guilty plea
and by a sworn declaration submitted by his former counsel.

At the guilty plea before Judge Ellis, Colon indicated that
he fully understood both his right to proceed to trial on the
charges against him and the fact that he was waiving that right
by pleading guilty:

Q:   Do you understand that you have a right to plead not
     guilty?

A:   Yes, sir.

Q:   Do you understand that you have a right to a trial by
     jury on these charges?

A:   Yes, sir.

Q:   Do you understand that, if you were to plead not
     guilty and go to trial, you would be presumed innocent
     until the government proved your guilt beyond a
     reasonable doubt?

A:   Yes, sir.

. . . .

Q:   Do you understand that if your guilty plea is accepted
     there will be no trial of any kind, and the only
     remaining steps in your case will be a presentence
     report and sentencing by Judge Jones?

A:   Yes, sir.

. . . .

8

    Q:   Other than any representations in the plea agreement,

         have any promises been made to you by anyone to

         influence you to plead guilty?

    A:   No, sir.

    .  .  .  .

    Q:   Has anyone made any threats to you to influence you to

         influence you to plead guilty?

    A:   No, sir.

    Q:   Are you making this plea voluntarily, that is of your

         own free will and choice?

    A:   Yes, sir.

(Plea Tr. at 5-9)

     Colon's sworn statements at the plea colloquy are confirmed

by his former counsel's sworn declaration.  Specifically,

Frankel states that he "carefully explained to Mr. Colon the

rights he was giving up, including the right to go to trial and

the right to appeal or otherwise litigate under 28 U.S.C. §§

2255 and/or 2241 any sentence below 151 months." (Frankel Decl.

¶ 3).  Frankel further states that "Mr Colon indicated that he

did not want to go to trial, and that he understood the

agreement, including his waiver of any appellate rights."

(Id.).  Frankel categorially denies that he told Petitioner he

"had no choice but to sign" the plea agreement.  (Id.)  Rather,

Frankel states that he explained the risks of going to trial,

9

including the likelihood of conviction and the possibility of
receiving an even longer sentence, and the fact that the plea
agreement afforded Colon the possibility of being sentenced at
or close to the statutory mandatory minimum.   (Id.)

      Based on Colon's own sworn statements during the plea
colloquy and Frankel's sworn declaration, the Court finds that
Colon's guilty plea was knowing and voluntary.   While the
circumstances of Petitioner's situation, such as the evidence
against him, may have left him believing that he had "no choice"
but to plead guilty, this does not render the Petitioner's plea
involuntary.   (See Petition at 8.)   Moreover, defense counsel's
"blunt rendering of an honest but negative assessment of
appellant's chances at trial, combined with advice to enter the
plea" do not "constitute improper behavior or coercion that
would suffice to invalidate a plea." United States v. Juncal,
245 F.3d 166, 172 (2d Cir. 2001).

      Accordingly, the Court finds that Colon's guilty plea was
knowing and voluntary, and that Frankel's counsel in connection
with the plea was constitutionally adequate.

## 2.   Colon's Counsel Did Not Refuse to File a Direct Appeal

      The Supreme Court has held that a lawyer who disregards a
defendant's specific instruction to file a notice of appeal is
constitutionally ineffective under the Strickland standard.   See
Roe v. Flores-Ortega, 528 U.S. 470, 476-77 (2000).   In Campusano

10

v. United States, the Second Circuit applied Flores-Ortega to find that even where a defendant waives his right to appeal or otherwise challenge his sentence pursuant to a plea agreement, his or her attorney's failure to file a notice of appeal upon the defendant's request constitutes per se prejudice. See Campusano, 442 F.3d 770, 771-72 (2d Cir. 2006).

However, a petitioner bears the burden of proof by a preponderance of the evidence in a Section 2255 proceeding. See Triana v. United States, 205 F.3d 36, 40 (2d Cir. 2000). Thus, to prevail on a Campusano claim, a defendant must demonstrate that he timely instructed counsel to file a Notice of Appeal and that counsel failed to follow his instructions.

Under Campusano, if a defendant claims that his attorney did not file an appeal when requested to do so, the district court is required to hold a hearing pursuant to Section 2255 to determine whether the defendant in fact requested the appeal. See Campusano, 442 F.3d at 776. However, the court may make a finding regarding the defendant's factual assertions without requiring his personal appearance. See Machibroda v. United States, 368 U.S. 487, 495 (1962); Chang v. United States, 250 F.3d 79, 85 (2d Cir. 2001). In lieu of an evidentiary hearing, the district court may "[supplement] the record [with] a detailed affidavit from trial counsel credibly describing the circumstances concerning [the petitioner's] claim." Id.; see

11

also Riggi v. United States, No. 04 Civ. 7852, 2007 WL 2245595, at *9 (S.D.N.Y. Aug. 6, 2007) ("Courts faced with . . . an assertion by a petitioner that he requested to file a notice of appeal and an attorney affidavit contradicting this assertion have . . . denied habeas petitions without an evidentiary hearing.").

In the instant case, the Court is able to make a finding regarding Colon's factual assertions without a hearing. See Chang, 250 F.3d at 85-86 (observing that "Section 2255 . . . expressly provides that the 'court may entertain and determine such motion without requiring the production of the prisoner at the hearing'"). Colon's counsel filed a sworn response to Colon's allegations. These submissions, taken with Colon's Plea Agreement, the transcript of Colon's guilty plea allocution and sentencing, and Colon's conduct following his February 9, 2006 sentencing, provide a sufficient basis for evaluating the Motion to Vacate.

As an initial matter, Colon has not offered a sworn statement that he asked Frankel to file an appeal, or any corroborating evidence, such as a letter to Frankel, to confirm his request of an appeal. Moreover, Colon has not provided any details regarding the circumstances surrounding the alleged request. In fact, Colon failed to respond to the Government's Opposition or address the contents of Frankel's sworn statement.

This complete lack of evidence supports a finding that Colon's statement cannot be credited.  See, e.g., Cruz-Santos v. United States, No. 09 Civ. 6503, 2010 WL 1372682, at *3 (S.D.N.Y. Mar. 30, 2010).

Moreover, the sworn declaration of former counsel Frankel directly contradicts Colon's assertion.  Specifically, Frankel states that "[a]t no time was I instructed by Mr. Colon to file a Notice of Appeal.  Had Mr. Colon asked me to file a Notice of Appeal, I certainly would have performed that ministerial act to preserve his rights notwithstanding my view that there were no grounds for an appeal."  (Frankel Decl. ¶ 4).  The sworn statement of former counsel carries substantially more weight than the unsigned, unsworn statements of the defendant.  See Paulino v. United States, 476 F. Supp. 2d 395, 397 (S.D.N.Y. 2007).

Finally, Colon failed to file a notice of appeal or otherwise raise this issue with the Court until submitting the instant Petition approximately eleven months after his judgment of conviction became final.  This delay undermines Colon's claim that he asked his counsel to file a notice of appeal and his counsel refused.  Cf. Garcia v. United States, 06 Civ. 7821, 2007 WL 1295726, at *3 (S.D.N.Y. Apr. 26, 2007) (denying petitioner's Section 2255 claim without a hearing based in part on petitioner's failure to offer evidence that he had done

13

anything to press his appeal until filing his petition 11 months after sentencing).  Moreover, Colon waited eleven months to file despite his stated knowledge that he understood both his right to a direct appeal and the time frame for filing an appeal:

> THE COURT:   [T]o the extent that you have not waived your right to appeal, given it up in your plea agreement with the government, I must advise you that you do have a right to appeal, and if you want to, you have to file a written notice of appeal with the clerk of the district court no later than ten days after the date on which my judgment is entered. . . .  Do you understand that?
>
> THE DEFENDANT:  Yes, ma'am.)

(See Feb. 9, 2006 Tr. at 7-8.)

For all these reasons, this Court finds Colon's assertion that his attorney refused to file a notice of appeal unpersuasive and rejects his claim without the need for a full evidentiary hearing.

## 3.  Counsel's Failure to Challenge the Sentencing Guidelines Calculation Does Not Render His Counsel Ineffective

Colon alleges that the PSR incorrectly calculated his Guidelines sentencing range insofar as it (1) incorrectly enhanced the sentence for his being on parole at the time of his offense and (2) improperly used a juvenile adjudication to

14

enhance his sentence.  Colon further claims that his counsel
failed to object to the alleged errors in the PSR, and thus that
he received ineffective assistance of counsel.  The Court
disagrees.

Where a defendant can demonstrate a reasonable probability
that his sentence was increased due to counsel's errors, even
relatively short increases in the ultimate sentence received
will suffice to show Strickland prejudice.  See Glover v. United
States, 531 U.S. 198, 203 (2001).  That is, a defendant need not
demonstrate any particularly lengthy increase in the ultimate
sentence received.  Id.

However, an attorney's failure to object to a guidelines
miscalculation is not in itself necessarily sufficient to
demonstrate ineffective assistance of counsel, even where the
calculation error is blatant.  There must be a showing that the
ultimate sentence would have in fact been greater.  Therefore,
in Johnson v. United States, the Second Circuit held that
"defense counsel's failure to object to a sentencing calculation
error *that likely resulted in an increase in defendant's period
of incarceration* constituted ineffective assistance of counsel."
Johnson, 313 F.3d 815, 818 (2d Cir. 2002) (emphasis added).

Here, it is evident that any alleged errors in the
calculation of the Colon's Guidelines range did not impact his
ultimate sentence.  In fact, the sentence that I imposed - 121

15

months imprisonment – is only one month longer than the
statutory mandatory minimum of 120 months under 21 U.S.C. §§
841(b)(1)(A) and 846.  Accordingly, even if Colon's criminal
history category were lowered, it would have afforded him, at
most, a one-month reduction in sentence.[2]

Accordingly, the Court finds that because the alleged
errors in Colon's Guidelines calculation did not affect his
ultimate sentence, Frankel's alleged failure to object to the
calculation did not prejudice Colon under the standard set forth
in Strickland.[3]  This Court further holds that Frankel provided
constitutionally effective assistance of counsel as provided for
by the Sixth Amendment.

B.  Colon's Claim of Actual Innocence is Implausible

Colon claims that he is actually innocent of the conduct to
which he pled guilty.  In support of his claim, he cites to a
paragraph of the PSR, which he asserts proves he "is innocent
based on government's own statements of conduct alleged in COUNT

---

[2]     The Court is mindful that there is no minimum amount of additional
period of incarceration to warrant a finding of prejudice.  See Glover,
531 U.S. at 203-04.  However, the Court takes the minimal difference in
sentence exposure into consideration.  See id. at 204 (stating that
"the amount by which a defendant's sentence is increased by a
particular decision may be a factor to consider in determining whether
counsel's performance in failing to argue the point constitutes
ineffective assistance"); see also Assadourian v. Brown, No. 08 Civ.
4732, 2009 WL 2135297, at *8 (S.D.N.Y. July 16, 2009) ("The magnitude
of the difference in sentencing exposure may . . . be considered when
determining the whether prejudice existed.").

[3]     The Court does not rule on whether the Guidelines calculation was in
fact flawed.

16

1." (Petition at 9). Specifically, Colon points to a paragraph that reads: "On September 19, 2003 . . . CARLOS COLON sold 70 glassines of heroin stamped "Absolute Power," to an undercover officer (the "UC") in the vicinity of the Vyse Avenue in the Bronx." (PSR 45).

As a preliminary matter, Colon's reliance on this paragraph of the PSR is meritless. This description of an overt act in no way defines the scope of Colon's participation in the conspiracy, nor does it undercut his own admission of guilt.

Likewise, Colon's claim of actual innocence lacks any factual support. Colon admitted his guilt in his plea agreement and under oath during his plea colloquy. In his Plea Agreement, Colon acknowledged that the conspiracy in which he participated "involved at least 1 kilogram but less than 3 kilograms of heroin" and that he was pleading guilty "because he is in fact guilty." (Plea Agm. at 2, 4). At his plea colloquy, Colon stated that he committed the offense to which he was pleading guilty—i.e., that he sold heroin in the Bronx, participated in the conspiracy voluntarily, and the conspiracy involved more than one kilogram of heroin. (Plea Tr. at 10). No new facts have been presented to put his sworn admission of guilt into question. Accordingly, the Defendant's claim of actual innocence is rejected.

17

## CONCLUSION

For the reasons set forth above, it is hereby Ordered that Colon's Petition for a writ of habeas corpus to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 is DENIED. As Colon has failed to make a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability.  See 28 U.S.C. § 2253. The Clerk of the Court is directed to close this case.

**SO ORDERED:**

BARBARA S. JONES
UNITED STATES DISTRICT JUDGE

Dated:    New York, New York
          April 20, 2010

18